UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
v.                              )   Criminal Action No. 06-306-1 (TFH)
                                )   Criminal Action No. 05-242-01 (unassigned)
MICHAEL RICHARDS,               )
                                )
        Defendant.              )
                                )

## DETENTION ORDER

Pending before the Court is the appeal of the United States pursuant to 18 U.S.C. § 3145(a) for review of the Magistrate Judge's decision to release Defendant Michael Richards pending trial in Criminal Action Nos. 06-301-01 (TFH) and 05-242-01 (currently unassigned). On October 19, 2006, the Court heard argument by both parties, accepted a proffer by the Government, and received in evidence a videotaped confession made by one of Defendant's co-defendants. Based on that record, the Court determined that no condition or combination of conditions for Defendant's release will reasonably assure the safety of the community and therefore ordered him held without bail. This memorandum states the Court's reasoning.

## BACKGROUND

Mr. Richards and a man named Donnie Smith were first indicted by a federal Grand Jury on June 23, 2005 for alleged conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (also known as crack) from December 2001 to May 2002. That indictment also charged that both defendants aided and abetted one another to distribute 50 grams

or more of crack on December 6, 2001, and more than five grams of crack on February 19, 2002. An arrest warrant was issued pursuant to the indictment but Mr. Richards was not apprehended.

On February 17, 2006, Mr. Richards was arrested on a D.C. Superior Court misdemeanor charge, Docket No. 2006-CMD-002873. His counsel states that this charge related to possession of marijuana. Mr. Richards was released on the misdemeanor case on March 2, 2006, inexplicably without execution of the federal arrest warrant.

Eight months later, on September 26, 2006, Mr. Richards and co-defendants Russeline Miles and Christopher Fleming were arrested on new charges involving trafficking in crack. Mr. Richards came before the Magistrate Judge on October 5, 2006, at which time the Magistrate denied the Government's motion for pretrial detention. Mr. Richards was released into the High Intensity Supervision Program with a stay-away order from the offense location.

On October 12, 2006, Mr. Richards, Ms. Miles, and Mr. Fleming were indicted by a federal Grand Jury in case 06-cr-306 based on conduct relating to the September 26 arrest. Mr. Richards and his co-defendants are charged with operating a premises to manufacture crack and distribution of more than 50 gams of crack on August 18, 2006 and August 29, 2006, and with distribution of crack on September 22, 2006 and September 26, 2006. When Mr. Richards was presented to the Magistrate Judge on October 18, 2006, the Government sought to have him held without bail. Finding that the counts in the 2005 federal indictment were remote, that Mr. Richards had complied with conditions of release in his misdemeanor case, that he drug tested successfully, that he was not under judicial supervision at the time of his arrest, and that he had ties to the community, the Magistrate Judge found that placing Defendant in a High Intensity Supervision program with a home-detention order would adequately ensure his future appearance for trial and

would not jeopardize the safety of the community. The Government filed this timely motion for review of that order.

## LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires that a judicial officer hold a hearing regarding the pre-trial detention of a criminal defendant "upon motion of the attorney for the Government in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." 18 U.S.C. § 3142(f)(1)(C). The Bail Act further requires the pre-trial detention of those defendants who, after an adversary hearing, are determined to be a flight risk or a danger to persons or the community:

> If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial.

*Id.* at § 3142(e).

In deciding whether there are conditions of release that would reasonably eliminate the risk of flight and danger to the community, the judicial officer must consider "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance"; "the weight of the evidence against the" defendant; the defendant's "history and characteristics," including community ties, criminal history, and parole status; and "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." *Id.* § 3142(g); *see also U. S. v. Salerno*, 481 U.S. 739, 742-43, 107 S. Ct. 2095, 2099 (1987). If, after assessing these factors, the judicial officer finds probable cause that the defendant committed an offense that carries a maximum term of imprisonment of ten years or more under the

-3-

Controlled Substances Act, there is a rebuttal presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community...." *Id.* § 3142(e).

At the detention hearing, both the Government and the defendant may proceed by proffer. *See U.S. v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). If, after the hearing, "the judicial officer finds that no conditions of pretrial release can reasonably assure the safety of other persons and the community, he must state his findings of fact in writing, § 3142(I), and support his conclusion with 'clear and convincing evidence.' § 3142(f)." *Salerno*, 481 U.S. at 742; *see also U.S. v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988).

## ANALYSIS

In the present cases, the question is whether there is any condition or combination of conditions that will reasonably assure the safety of the community if Defendant is released pending trial. First, the Court must consider the nature of the offenses with which Defendant is charged. Defendant is charged with multiple violations of the Controlled Substances Act — specifically, in Case No. 05-242, he is charged with distributing, and conspiring to distribute, 50 grams or more of crack in violation of 21 U.S.C §§ 841 and 846, as well as aiding and abetting the distribution of crack; and in Case No. 06-306 he is charged with distributing, and aiding and abetting the distribution of, 50 grams or more of crack in violation of 21 U.S.C. § 841, as well as the unlawful maintenance of a premise to manufacture, store, and distribute crack in violation of 21 U.S.C. § 856.[1] Thus, Defendant is charged with drug trafficking crimes under the Controlled Substance Act for

---

[1] At the hearing, counsel for the United States represented that there is likely to be a superceding indictment in Case No. 06-306 adding a conspiracy charge against Mr. Richards.

which a maximum term of imprisonment of ten years or more is prescribed. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

Second, the Court must consider the weight of the evidence against Defendant. The Government explained the strength of its case against Mr. Richards on the currently pending charges by proffer, which was not challenged by Defendant. As to the 2005 indictment, the Government represented that an undercover officer ("UC") made a call to Mr. Richards on December 6, 2001 and set up a buy; that call was recorded and has been transcribed. When the UC went to 86 Webster Street N.E. to complete the buy, videotape captured Donnie Smith as he talked to the UC at the car window. According to the written buy report, Mr. Smith went inside to talk to Mr. Richards and then motioned to the UC to exit the vehicle. Mr. Smith and the UC went into the building where the UC allegedly gave $2,400 directly to Mr. Richards in exchange for 50.6 grams of crack.

On February 19, 2002, the UC called Mr. Richards to schedule another crack purchase. This call was recorded on audiotape and has been transcribed. The UC told Mr. Richards that he could not come inside because his leg was injured and asked Mr. Richards to meet him outside the building. When the UC arrived at 86 Webster St. N.E., however, it was Mr. Smith who again approached the car. The UC asked where Mr. Richards was and Mr. Smith pointed to the window and told the UC to lean over if he wanted to see him. The UC told Mr. Smith to get in the car and he handed him $2,400 in exchange for 51.4 grams of crack cocaine. A camera placed inside the car captured the entire transaction on tape, and the quality, including the sound, "is very good." Gov't Mem. at 4.

As to the evidence to support the 2006 indictment (Case No. 06-cr-306), the Government, by proffer, stated that the Metropolitan Police Department's Narcotics and Special

Investigations Division ("NSID") purchased approximately 61 grams of cocaine base from Defendants Richards, Miles, and Fleming on August 18, 2006 for approximately $2,400 in U.S. currency. A second buy was set up directly with Mr. Richards via a recorded telephone call for the purchase of 62 grams of crack. While the UC was on a recorded telephone call with Mr. Richards, Defendants Miles and Fleming came out of 65 Hawaii Avenue. While on the recorded telephone call, Mr. Richards assured the UC that it was safe to deal with Defendants Miles and Fleming because they were "family." Gov't Mem. at 6. Defendant Fleming allegedly handed the UC 60 grams of crack cocaine and the UC gave Defendant Miles $2,400. Additional buys from the three Defendants were allegedly made directly from the apartment on September 22 and September 26, 2006.

Finally, on September 26 at approximately 7 p.m., NSID sought to execute a search warrant it had obtained for the Hawaii Ave. apartment. An arrangement for the purchase of 62 grams of crack had been made with Mr. Richards via a recorded telephone call. When NSID arrived, the three Defendants were standing outside the building. Based on the facts of its investigation, NSID sought to detain them. Ms. Miles allegedly told the police spontaneously that she had a large quantity of crack in her bra and confessed that the three co-defendants had been distributing cocaine base together for approximately 18 months. Search incident to the arrest of Mr. Richards disclosed $686 and four ziplock bags each containing $10 worth of crack.

Based on the Government's proffer, this Court finds that there is probable cause that Defendant committed a crime for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act. The Government's evidence is substantial: it has videotape of some of Mr. Richards's drug dealing activity, wiretap recordings of phone calls between

Mr. Richards and undercover agents setting up crack buys, and the direct testimony of surveillance and undercover agents who negotiated drug sales with Mr. Richards. Thus, there is ample evidence indicating that Mr. Richards was actively engaged in drug trafficking in Washington, D.C. during 2001 and 2002, and again during 2006. Therefore, this Court finds there to be a presumption that there is no condition or combination of conditions that will reasonably assure Mr. Richards's appearance or the safety of the community. *See* 18 U.S.C. § 3142(e).

Because the statutory presumption in favor of pre-trial detention is triggered here, it falls upon Defendant to demonstrate that the relevant factors demonstrate that he is neither a flight risk nor a danger to the community. Counsel for Mr. Richards argued that the High Intensity Supervision Program, in which Mr. Richards would be unable to leave his house for any reason except to visit his attorney or for court appearances — as ordered by the Magistrate Judge — is sufficient to protect the community. The Court disagrees. High Intensity Supervision does not ensure that a defendant actually stays in his house; it only ensures that the Court will be informed, after the fact, if he does not. Moreover, the Government's evidence illustrates that Mr. Richards does not need to leave home in order to direct the trafficking of narcotics. Counsel also argued that Mr. Richards has ties to the community, including a spouse who is willing to live with him pending trial, and that he previously worked to an unknown degree in construction. The Court finds that, given the seriousness of the crimes at issue here, High Intensity Supervision and Mr. Richards's community ties are insufficient to overcome the presumption against pre-trial release.

Even if the presumption were not applicable here, the Court would nonetheless conclude that the Government has met its burden of demonstrating that Mr. Richards is a flight risk and would present a danger to the community if released pending trial. *See* 18 U.S.C. § 3142(e).

In addition to the Government's proffer, the Court accepted into evidence the videotaped confession of Russeline Miles, who told police that she and Mr. Richards had been trafficking in crack in northeast Washington, D.C., off and on, since the late 1990s. She also stated that they had operated out of the apartment house at 65 Hawaii Avenue N.E. for the 18 months immediately prior to their arrests. Significantly, Ms. Miles confessed that in the past Mr. Richards routinely sold in excess of $10,000 in crack per day, and that recently he received a shipment of five kilograms of powder cocaine, some of which he cooked into crack and some of which he transported into Maryland for delivery to another drug trafficker. Ms. Miles's confession suggests that Mr. Richards controls a fairly extensive network of drug dealers and is, quite possibly, involved in a larger conspiracy involving significant quantities of cocaine. It underscores the Government's representation that Mr. Richards is a significant crack dealer in the District of Columbia.

Mr. Richards asks this Court to credit the Magistrate Judge's hesitance to place any reliance on Ms. Miles's confession because (a) Ms. Miles has a lengthy criminal history; (b) the confession might not be admissible at Mr. Richards's trial; and (c) the Government made only a proffer and did not offer the videotape itself. The last has been cured. The second is certainly true but not limiting for a detention hearing when the Court is considering, foremost, the safety of the community.[2] And the first, although legitimate and complex because the Magistrate Judge did not have the opportunity to view the witness for herself, is also cured by the submission of the video.

---

[2] The Court wishes to make clear that it has not considered Ms. Miles's confession in assessing the weight of the Government's evidence; it has considered the confession only with respect to Defendant's history, characteristics, and dangerousness.

The nature of Mr. Richards's alleged criminal conduct is quite serious. Crack is lethal in the District of Columbia; it destroys the lives of those who become — almost instantly — addicted, and it destroys the lives of their entire families. The charges and the evidence indicate that Mr. Richards, with the aid of a network of co-conspirators, has been preying on this community for many years — possibly for as long as a decade. Given the quantities of narcotics involved, the expansive nature of the conspiracy, Mr. Richards's apparent proclivity to deal in large quantities of crack, and the immediate and devastating effects that crack has upon the community, the Court finds by clear and convincing evidence that Mr. Richards is sufficiently dangerous that he should be detained without bail pending trial. *Cf. Peralta*, 849 F.2d at 626-27 (affirming the district court's finding that a defendant who was arrested with one kilogram of cocaine was properly subject to pretrial detention under 18 U.S.C. § 3142(e)).

**SO ORDERED.**

/s/
ROSEMARY M. COLLYER
United States District Judge

DATE: October 26, 2006